WILLIAM W. EASTMAN and another *vs.* THE ST. ANTHONY FALLS WATER–POWER COMPANY.

## March 14, 1878.

**Mistake—When Court of Equity will not Rescind Contract.**—A court of equity will not interpose to rescind a contract on the sole ground of mutual mistake of fact, unless the parties can be restored substantially to their situation at the time the contract was made. Neither will equity so interpose upon such ground, when the fact is equally unknown to both parties, or is doubtful from its own nature.

The plaintiffs sought in this action to rescind and annul a certain compromise and settlement theretofore entered into by them with the defendant, and also for the abatement and removal of defendant's dam, whereby the water of the Mississippi river was raised above its natural level opposite the premises of the plaintiffs. The action was brought in the district court for Hennepin county. The defendant demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The court, *Vanderburgh*, J., presiding, sustained the demurrer, and the plaintiffs thereupon appealed.

*D. A. Secombe* and *Geo. L. Otis*, for appellants.

*Lochren, McNair & Gilfillan*, for respondent.

LORD, J. The complaint shows that at the date of the agreements hereinafter mentioned plaintiffs were in posses-

sion, and for the present purpose may be considered the owners, of Nicollet Island, (an island in the Mississipi river, above and near the Falls of St. Anthony,) and that there was then and still is a water-power appurtenant to said island; that defendant owned Hennepin Island, an island in said river below but near Nicollet Island, and had erected a dam across said river between its east bank and Hennepin Island, and up said river to the west of and above the lower end of Nicollet Island, and plaintiffs had commenced an action against defendant, which was at issue and pending, to have said dam abated, claiming that it destroyed their said water-power.

On the twentieth day of May, 1867, the parties compromised and settled said suit, and adjusted their respective water rights by agreements in writing.

The defendant's agreement, important here, is as follows:

"This agreement, made and entered into this twentieth day of May, 1867, by and between the St. Anthony Falls Water-Power Company, party of the first part, and William W. Eastman and John L. Merriam, parties of the second part, witnesseth, that said party of the first part, for divers good and valuable considerations, inuring from the said parties of the second part to the said party of the first part, and among them, the compromise of a certain action now pending in the district court in and for the county of Hennepin, wherein the said parties of the second part are plaintiffs, and the party of the first part defendant, doth hereby expressly concede to the said parties of the second part, their heirs and assigns, the right to draw from the Mississippi river, on the west side of the certain island in said river, at and above the Falls of St. Anthony, in said county, commonly known as and called Nicollet Island, below the suspension bridge, so called, and in the deep water above the ledge of rocks in said river commonly called the 'Rips,' and to use, on the said island, below the said bridge, in the manner and in accordance with the specifications, limitations and provisions hereinafter con-

tained, and not otherwise, a quantity of water sufficient to constitute a water-power equal to two hundred horse-power;

\*     \*     \*     \*     \*     \*

and, in order that such water may be made available to said parties of the second part, the said party of the first part doth hereby give and grant unto the said parties of the second part, their heirs and assigns, the right to construct, maintain and use, in the manner hereinafter provided, a tunnel from said Nicollet Island, through the island below said Nicollet Island, commonly called Hennepin Island. All of the water to be drawn, as aforesaid, shall be used and discharged through the said tunnel, which shall extend from the point of said Nicollet Island, where said water shall be used, to and through said Hennepin Island, to the lower end of the east side of the said Hennepin Island. The said tunnel is to be constructed in the sandstone strata under said Hennepin Island, and on such a level, through the entire length, as the agent of the party of the first part may direct, but not so low as to prevent proper drainage. It shall be constructed at the expense of the said parties of the second part, and with all suitable precautions for its safety and the safety of the property, rights and interests of the party of the first part. \*  \*  \* To have and to hold, all and singular, the said rights, privileges and property above described, and as above defined and limited, to the sole and only use, benefit and behoof of the said parties of the second part, their heirs and assigns, forever. "

The plaintiffs' agreement is in a separate instrument, but executed at the same time, and forming part of the same transaction. The provisions of this agreement, important now, are as follows: "This indenture, made this twentieth day of May, A. D. 1867, between William W. Eastman and John L. Merriam, parties of the first part, and the St. Anthony Falls Water Power Company, party of the second part, witnesseth, that the said parties of the first part, for and in consideration of the sum of one dollar and other valuable considerations to them paid by the said party of the second part, the

receipt whereof is hereby acknowledged, have granted, bargained, conveyed, released and quit-claimed, and by these presents do grant, bargain, convey, release and quit-claim, unto the said party of the second part, its successors and assigns, forever, the following described real estate, rights, privileges and easements, situate and being in the county of Hennepin, and state of Minnesota, that is to say: all the entire water front, land under water, and rights to grants under water, easements, water-power and privileges in the Mississippi river, upon, about, of, or appurtenant, or belonging to or connected with lot No. 1, in section No. 23, of township No. 29, north of range No. 24 west, commonly known as Nicollet Island, and lying above the Falls of St. Anthony, to the center of the channels on east side of said island. And also the right and privilege of constructing and maintaining any and all dams, piers, booms, or other erections in the Mississippi river, to the center of both channels, opposite the said island, or between the said island and the said falls, that the said party of the second part, its successors or assigns, may deem proper to the complete and full development of this and their other water-power at the Falls of St. Anthony, and all or so much of said island as shall be flowed by water from such dams or other erections, and the right of flowing the same, saving and reserving to the said Eastman and Merriam, their heirs and assigns, the right to draw from the Mississippi river, on the west side of said island, in and from the deep water above the ledge of rocks in said river commonly called the 'Rips,' and below the suspension bridge, so called, and to use on the said island, below the said bridge, a quantity of water sufficient to constitute a water-power equal to two hundred horse-power, in the manner and to the extent expressed and limited in and by a certain agreement between the said parties of the second part and the said Eastman and Merriam, and bearing even date herewith. To have and hold the said real estate, rights, privileges, easements, and property to the sole and only use, benefit and behoof of the said

party of the second part, the St. Anthony Falls Water-Power Company, its successors and assigns, forever."

The complaint shows further:

"That after the execution of the said instruments, to-wit, in the summer of 1868, these plaintiffs commenced to construct the tunnel provided for in said instrument at the lower end of said Hennepin Island, at the point and on the level designated by the agent of the defendant; and, in the manner prescribed in said instrument, constructed the same through said island, and under the water between said island and said Nicollet Island, and partly under said Nicollet Island, until the line of said tunnel, near the lower end of said Nicollet Island, was intersected by subterranean springs and streams of water, from and through which water flowed from said river into that part of said tunnel so constructed, in such quantity and with such force that plaintiffs were compelled to abandon the further construction thereof, and so as to destroy so much of said tunnel as they had already constructed; that thereupon, to-wit, on or about the ninth day of October, 1869, these plaintiffs first learned the fact to be, and the fact was and is, that owing to the character of the formation under the water between said islands, and to the running of subterranean springs and streams of water through said formation, it was, is, and ever will be utterly impracticable to construct the tunnel provided for in said instrument, and as soon as plaintiffs learned this fact they abandoned the attempt to construct the said tunnel, gave the defendant due notice thereof, and demanded the rescission of the said compromise and settlement, and of the said instruments; · * * * * that at the time when said compromise and settlement were made and the said instruments were executed, both said defendant and these plaintiffs fully believed that the character of the formation and the condition of things through said Hennepin Island, and under the water between said island and said Nicollet Island, and in said Nicollet Island, were such that a tunnel, such as is mentioned and described and pro-

vided for in said agreements, was practicable, and could be constructed so as to create and make available the water-power in said instrument provided for, and that it was upon such belief and only because thereof that the terms of compromise and settlement aforesaid were agreed upon and the said instruments were executed, and that, had the actual fact with respect to such formation and condition of things, and the practicability of constructing such tunnel, been known, such terms would not have been agreed upon, nor would said instruments have been executed; * * * * that from the nature of said formation and condition of things it was not practicable for the said parties, or either of them, nor could they or either of them discover their said mistake at or before the time of making the said compromise by the use of reasonable care and diligence." The complaint proceeds to show that since the making of said contracts the defendant has constructed and erected and now maintains a dam in the said river, abutting against the east shore of said river, at a point about 1,000 feet lower down said river than the lower end of said Nicollet Island, extending out into said river to Hennepin Island, thence up said river by said Hennepin Island to its upper end, and thence out into and up said river to a point about 400 feet west of the west side of said Nicollet Island, and about 600 feet higher up in said river than the lower end of said island;" that the said dam so erected, constructed and maintained causes the water of said river to flow the shores and banks of said Nicollet Island to such an extent as to entirely destroy the water-power on said island. * * * * Whereupon the plaintiffs demand the judgment of this court rescinding and annulling the said compromise and settlement, and the said contracts and the record thereof, and adjudging the abatement and removal of so much of the said dam as causes the water of said river to flow against and on the shores of said Nicollet Island, higher than it used to flow when the said river was in its natural state."

It is not pretended that there was any fraud, concealment

or misrepresentation by the defendant, but relief is demanded on the sole ground of mutual mistake of fact. There are two decisive reasons why the relief asked cannot be granted: *First,* the contract has been fully performed by the defendant, and the situation of the parties so changed by reason thereof as to render it impossible, so far as appears, to restore them to their situation at the time the contract was made. A court of equity will not interpose to rescind a contract on the sole ground of mutual mistake of fact, unless the parties can be restored substantially to their situation at the time the contract was made, for to so interpose would not cure the mischief, but merely shift it. *Second,* the alleged mistake is not one which entitles a party to relief. It was in respect to the fitness of the rock, at the place agreed upon, for the purposes of the tunnel to be used as a water course. Whether it was fit or not for such purpose was equally unknown to both parties, and the fact was doubtful in its own nature.

"When the fact is equally unknown to both parties, or when each has equal and adequate means of information, or when the fact is doubtful from its own nature; in every such case, if the parties have acted with entire good faith, a court of equity will not interpose, for in such cases the equity is deemed equal between the parties." 1 Story Eq. Jur. § 150.

The order sustaining the demurrer is affirmed.

Gilfillan, C. J., and Cornell, J., having been of counsel, did not sit in this case. Hon. Samuel Lord, judge of the fifth district, and Hon. William Mitchell, judge of the third district, were assigned by the governor to sit with Berry, J., as judges of this court, *pro hac vice,* and the case was heard and determined by the court as thus constituted.