C. L. DAYTON, *et al.*, V. THE PEOPLE'S SAVINGS BANK.

1. CHATTEL MORTGAGE; *Valid Possession; Affidavit.* If a mortgagee of personal property obtains delivery and actual possession of it prior to a levy by a judgment creditor, and has such actual possession at the time of the levy, the mortgage is valid and effective, notwithstanding such possession is obtained after the expiration of one year from the filing of the mortgage, and no affidavit of renewal or continuance is filed as prescribed by ¿11, ch. 68, Comp. Laws of 1879.

2. MORTGAGEE, *When Not Ousted of Possession.* Where the mortgaged property, consisting of nursery stock, has been delivered to the mortgagee (a bank), and by the mortgagee removed from the grounds in which it was growing at the execution of the mortgage to another place, and after the mortgagee has taken actual possession of the stock, the mere fact that it employs the mortgagor as its agent to look after and attend to the mortgaged property, will not oust the mortgagee of possession. In such a case, the possession of the employé or agent is the possession of the mortgagee.

*Error from Johnson District Court.*

REPLEVIN brought by the *People's Savings Bank*, of Olathe, against *Dayton* and three others, to recover the possession of certain fruit trees or nursery stock, valued at $750. The opinion states the facts. At the March Term, 1879, of the district court, the plaintiff had judgment against the defendants, who bring the case here.

*Burris & Little*, for plaintiffs in error.

*J. P. Hindman*, and *I. O. Pickering*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 11th day of March, 1878, the People's Saving Bank commenced an action in replevin against C. L. Dayton and others, to recover the possession of certain fruit trees or nursery stock, valued at $750. It was disclosed upon the trial that on the 23d day of November, 1875, one E. P. Diehl, being indebted to the bank, and desiring to secure the payment thereof, executed to it a chattel mortgage on the trees in controversy, then standing and growing on land belonging to a Mr. Reynolds, about three miles from Olathe, in Johnson county. The chattel mortgage was duly filed for record in the latter county, on November 25th, 1875. The mortgage was not renewed or continued as provided by § 11, ch. 68, Comp. Laws 1879, p. 557, but in the fall of 1877, Diehl's debt being unpaid, the bank claimed the trees, and took possession of them under the mortgage, by its president, S. A. Christy, with the consent of Diehl. It alleged that it furnished about $90 to pay for having the trees taken up and removed to a point near the residence of Diehl, and thereafter employed Diehl, as agent of the bank, to look after, attend to, care for and protect the trees from the depredations of rabbits, etc. At the June term of the district court of Johnson county for 1875, one E. C. Bott obtained a judgment for work and labor, against E. P. Diehl, and on the 5th day of February, 1878, Bott caused an execution to be issued against Diehl. The execution was levied upon the trees, and on the 25th day of February, 1878, the trees were bid in at sheriff's sale, for $17, by J. L. Pettyjohn, as agent of E. C. Bott, who then sold them to C. L. Dayton. The jury returned a verdict for the bank, and judgment having been rendered accordingly, the defendants below bring the case here.

The contention is over the actual possession of the property. It is insisted on the part of the plaintiffs in error that, in the absence of an affidavit being filed under § 11, ch. 68, of Comp. Laws 1879, prior to the levy under the execution,

the chattel mortgage was void as to E. C. Bott, a judgment creditor of Diehl, at the date of the levy, and that the claim of actual possession by the bank has no foundation in fact; that saying there was a change, when in fact there was none, made none in law, and that Diehl, the mortgagor, could not hold, as agent of the bank, the mortgagee, and hence there was no change of possession. We think it must be conceded, from an examination of the act relating to the mortgage of personal property, that the mortgage in question was just as effective and valid between the parties to it after the expiration of one year from the filing without the affidavit of renewal, as with such an affidavit. Where the personal property mortgaged is accompanied by an immediate delivery, and is followed by an actual and continued change of possession, no deposit or filing of the chattel mortgage is necessary to protect it from seizure by creditors or others having claims against the mortgagor in disregard of the rights of the mortgagee. So, if at any time prior to a levy of an execution of a judgment creditor, the property mortgaged is delivered to the mortgagee, and there is an actual and continued change of possession of the articles mortgaged in good faith, the mortgage will continue in effect as if filed, or as if an affidavit of renewal had been attached to the instrument in the register's office, thirty days next preceding the expiration of one year from the filing.

Whether there was a delivery of the mortgaged property and an actual and continued change of possession to the mortgagee, prior to the levy of the execution of Bott, the judgment creditor, was a question of fact for the jury. In answer to a special question, they returned the finding that the bank was in the actual possession of the property at the time of the levy of the execution. This finding fully sustains the claim of the bank, and the judgment. Unless it can be impeached, the plaintiffs in error are in no condition to dispute it.

Counsel argue, however, that as one of the findings is to the effect that as Diehl was in possession of the property, as

the agent of the bank, and as the court instructed the jury that possession by Diehl, as the agent of the bank, was the possession of the bank, that in fact there was no actual possession by the bank, and that the direction of the court was erroneous. The evidence shows that the bank, through its president, had the trees taken up and removed, at a cost of $90, from the place where they were standing when the mortgage was executed, and after such removal it employed Diehl, as agent, to look after and attend to them. The mere fact that the mortgagor was employed to take charge of the trees, as the agent of the bank, after the bank had taken actual possession, would not oust the bank of such possession. All the facts and circumstances of the transaction were submitted to the jury. Of course they considered the situation and nature of the property, and that the bank was a corporation, and must have necessarily acted through its officers and agents. Whether the claim of possession by the bank was *bona fide*, and whether Diehl was merely employed as an agent, were passed upon by the jury, and being facts in issue, of which, under the testimony, they were the exclusive judges, and being fully competent to decide, and having, upon sufficient evidence before them, found in favor of the *bona fides* of the claim of possession on the part of the bank, and that Diehl was an agent of the bank, and as the findings of the jury have also received the approval of the trial court, we cannot disturb the findings or the verdict. The case of *Porter v. Parmly*, 52 N. Y. 185, cited so confidently by counsel of plaintiff in error, fully supports the views announced. In that case the referee did not find any delivery to the mortgagee, nor any change of possession; but Mr. Justice Peckham, speaking for the court, says in the opinion: "If the possession [of the property] had been changed, if the mortgagee had taken actual and continued possession, then there would be no occasion for refiling [the mortgage] thereafter, as the purpose of the statute was already accomplished."

Again, in the case at bar, Bott, the judgment creditor, was not induced to give any credit to the mortgagor by any pos-

session of the mortgaged property in the hands of Diehl, as his judgment was obtained in June, 1875, long prior to the execution of the mortgage.

Some of the instructions of the court might perhaps be criticised, but upon the principal and important questions before the jury the directions were not sufficiently misleading to prejudice the rights of the plaintiffs in error, and therefore there was no material error.

The judgment of the district court will be affirmed.

All the Justices concurring.