THOMAS M. DOLAN, *as Sheriff of Washington County*, v. C. W. VAN DEMARK.

1. ATTORNEY AT LAW; *Authority; Presumption.*  An attorney at law and banker, having claims in his hands for collection, will, where it is necessary to secure the collection of such claims, presumptively have authority to take as collateral security and in his own name a promissory note secured by a chattel mortgage.

2. CHATTEL MORTGAGE; *Validity; Possession.* Where a mortgagee of chattels takes possession of the same under the terms of the mortgage and with the consent of the mortgagor, the mortgage will be held valid, although it may never have been filed in the office of the register of deeds, and although the description of the property in the mortgage may be slightly defective; and *held,* in the present case, that there was sufficient evidence to sustain the finding made by the trial court that the mortgagee took the actual possession of the mortgaged property under the mortgage.

3. VENDOR AND VENDEE; *Fraud; Sale — When Valid, When Not.* While generally a fraudulent vendee cannot, as against the creditors of the fraudulent vendor, sell, assign or transfer the property to a third person who has notice of the fraud, nor transfer or assign the same to even a person who has no such notice, where such transfer or assignment is merely to pay a preëxisting debt of the fraudulent vendee, yet such fraudulent vendee may make a valid sale of the property to a *bona fide* purchaser without notice of the fraud, or may, with the consent of the fraudulent vendor, and probably without his consent, make a valid transfer or assignment of such property to a creditor of the fraudulent vendor, either in payment or partial payment of a *bona fide* debt of the fraudulent vendor, or as a security for such debt, and whether such creditor has notice or not of the prior fraudulent sale.

4. ———— *Pleading; Damages.* In an action of replevin brought by a mortgagee of chattels, where the property remains in the hands of the defendant, and is sold by the defendant for more than the plaintiff's claim, with interest, and judgment is rendered in favor of the plaintiff, but only for his damages, and not for a return of the property, *held,* that he may recover as his damages the amount of his claim, with interest, although the petition was only an ordinary petition in replevin.

### *Error from Washington District Court.*

REPLEVIN by *Van Demark* against *Dolan,* as sheriff of Washington county. Trial at the February Term, 1884, and judgment for plaintiff. The defendant brings the case here. The material facts appear in the opinion.

*J. W. Chadwick,* for plaintiff in error.
*J. W. Rector,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin, brought by C. W. Van Demark against Thomas M. Dolan, to recover

20 — 35 KAS.

certain goods and merchandise.   The action was tried by the
court, without a jury, and judgment was rendered in favor of
the plaintiff and against the defendant; and the defendant, as
plaintiff in error, brings the case to this court.   The facts of
the case seem to be substantially as follows: On March 19,
1883, Henry H. Bradley owned the property in controversy,
which, with other goods and merchandise, constituted his stock
in trade as a merchant at Brantford, in Washington county.
On that day he sold all the foregoing goods and merchandise
to George Brabb, but this sale was made with the intention of
hindering, delaying and defrauding his creditors, and was
therefore void as against such creditors.   On March 28,
Thomas M. Dolan, who was then the sheriff of Washington
county, levied an attachment upon a small portion of the goods.
That levy is admitted to be valid, and really has nothing to
do with this case.   Afterward, but on the same day, Van·
Demark, who was an attorney at law and banker at Clyde,
Cloud county, Kansas, and who held four separate claims of
four different creditors of Bradley, went to Brantford and to
Bradley and demanded payment of such claims; but Bradley
stated that he could not pay the same, but agreed to and did
indorse and deliver to Van Demark, as collateral security
therefor, a promissory note for $2,000, dated March 19, 1883,
given by Brabb to Bradley as part consideration for the goods
sold by Bradley to Brabb, and Brabb, with the consent of
Bradley and in his presence, gave a chattel mortgage on the
goods to secure the promissory note.   Neither this chattel
mortgage nor a copy thereof has ever been filed in the office
of the register of deeds.   Van Demark at the time had knowl-
edge of the fraudulent character of the sale of the goods from
Bradley to Brabb.   Van Demark claims that he immediately
took possession of the goods, with the consent of Bradley and
Brabb, with the knowledge of Dolan, and without objection
from anyone, but Dolan claims that Van Demark never did
take or have the possession of the goods.   The question of
Van Demark's possession is the principal disputed question
of fact in the case.   Afterward, but on the same day, a con-

stable levied an attachment on a portion of the goods, but whether that levy is valid, or not, is immaterial in this case. Afterward, and on the same day, the sheriff levied three other attachments upon the remaining goods, the property in controversy in this case, and took possession of the same, and afterward, and on three other days, levied four other attachments upon the same goods. Afterward, and on May 4, 1883, Van Demark commenced this action for the recovery of the goods. On the trial it appeared that the sheriff had sold the goods for the sum of $3,089, which was admitted to be their fair value. The court also found that the claims held by Van Demark, with interest, amounted to $1,424.15, and for this amount rendered judgment in favor of Van Demark and against Dolan.

Dolan, the plaintiff in error, defendant below, sets forth nine assignments of error. We shall not discuss them separately, nor any of them in detail, except the principal ones; but all must be overruled.

The plaintiff, Van Demark, was an attorney at law and banker, and held the aforesaid claims against Bradley for collection; and by virtue of his authority as collecting agent, we think that presumptively he had a right to do whatever was best for his clients or customers to secure their collection. (*Ryan v. Tudor*, 31 Kas. 366; 1 Wait's Actions and Defenses, 221, *et seq.*, and cases there cited.) And what he did for his clients or customers was in all probability the very best thing that could have been done for them, and was in fact necessary. But whether it was best and necessary, or not, is not a question for third parties to raise. As against Dolan and the persons whom he represents, we think that Van Demark, as the agent of the owners of the claims, had a right to do all that he has done in the present case.

1. Attorney at law; authority; presumption.

It is claimed, however, by the plaintiff in error, defendant below, that the chattel mortgage is void for the reason that it was never filed in the office of the register of deeds, and also for uncertainty in the description of the mortgaged property.

The description was probably sufficient; but even if slightly defective, still, neither this objection nor the one that the chattel mortgage had never been filed amounts to anything, if Van Demark really and in fact obtained the actual possession of the property before the attachments were levied under which the defendant, Dolan, took final possession of the property. (*Cameron v. Marvin*, 26 Kas. 612, 625, *et seq.*, and cases there cited; Jones on Chattel Mortgages, §178; Herman on Chattel Mortgages, §38.) And the court below specifically found that Van Demark did so take and have the possession of the property. It is claimed, however, that this finding is erroneous. This finding, however, is one of fact, founded upon the evidence, and the evidence was all in parol; and if there was sufficient evidence from which the court could have made the finding, the finding must be sustained. Now we think there was such evidence. Van Demark testified that he took possession of the property, and that whatever he did with reference thereto was done with the consent of Bradley and Brabb, and with the knowledge of the defendant, Dolan, and without any objection from any person. They were all present in the building where the goods were kept, and Van Demark announced that he took the possession of the goods, and turned the key in the front door, and claimed to have the possession thereof. He did not, however, remove the goods, nor did he have time to remove them before the defendant, Dolan, levied the attachments upon them and took the possession thereof; nor did he obtain the keys to the building. The keys at the time were in the possession of Bradley, who finally delivered them to Dolan, after he took the possession of the goods under the attachments. We think the evidence is sufficient to sustain the finding of the court below, or at least we cannot say that the evidence is not sufficient to sustain such finding. The mortgagee in the present case had a right to take the possession of the property whenever he deemed himself insecure, and undoubtedly there were ample grounds to authorize an honest belief of insecurity. Besides,

2. Chattel mortgage; validity; possession.

Brabb and Bradley were willing that he should take the possession of the property.

The fact that the mortgage was executed by Brabb instead of by Bradley after the goods had been fraudulently sold by Bradley to Brabb, and the fact that Van Demark had notice of the fraudulent intentions of Brabb and Bradley at the time of the sale, cannot render the mortgage void or voidable. While generally a fraudulent vendee cannot, as against the creditors of the fraudulent vendor, sell, assign or transfer the property to a third person who has notice of the fraud, nor transfer or assign the same to even a person who has no such notice, where such transfer or assignment is merely to pay a preëxisting debt of the fraudulent vendee, yet such fraudulent vendee may make a valid sale of the property to a *bona fide* purchaser without notice of the fraud, or may, with the consent of the fraudulent vendor, and probably without his consent, make a valid transfer or assignment of such property to a creditor of the fraudulent vendor either in payment or partial payment of a *bona fide* debt of the fraudulent vendor, or as security for such debt, and whether such creditor has notice or not of the prior fraudulent sale. ( *Butler v. White*, 25 Minn. 432; *Boyd v. Brown*, 34 Mass. 453; *Murphy v. Moore*, 30 Hun, 95; *Stark v. Ward*, 3 Pa. St. 328; *Webb v. Brown*, 8 Ohio St. 246; Bump on Fraudulent Conveyances, 3d ed., 499, 500.) The fraudulent vendee may lawfully dispose of the property in any manner in which the fraudulent vendor himself might have disposed of the property if the fraudulent sale had not occurred.

*3. Vendor and vendee; fraud; sale—when valid, when not.*

This was an action of replevin. The plaintiff's interest in the property was the amount of the claims which he held against Bradley, with interest; and it was not error for the court below to render judgment in favor of the plaintiff and against the defendant for the amount of such claims, with interest. No judgment was rendered for a return of the property, and the amount of the proceeds of the sale of the property was more than enough to satisfy said claims with interest. The cases of *Green v. Dunn*, 5 Kas.

*4. Pleading; recovery of damages.*

254, and *Shepard v. Pratt*, 16 id. 209, cited by counsel for plaintiff in error, have no application to this case. The plaintiff in error, defendant below, claims, however, that the aggregate amount of the claims, with interest, is only $1,415.60, or $8.55 less than the amount for which the court below rendered judgment. This claim we think is correct, and the judgment of the court below will therefore be modified accordingly; in all other respects the judgment of the court below will be affirmed.

All the Justices concurring.