M. P. ISENBERG v. LEWIS W. FANSLER.

1. CHATTEL MORTGAGE, *Not Recorded; Possession by Mortgagee.* I. was in possession of a stock of goods by virtue of a levy made under an order of attachment against G.; F. claimed the right of possession under a chattel mortgage from G. In an action brought by F. to obtain possession of the goods, it was immaterial whether such mortgage had been recorded, if F. had taken possession of the goods under it, when the levy of defendant was made subject to the mortgage.

2. INSTRUCTION, *Not Erroneous.* F. took possession of a stock of goods under a chattel mortgage given by G., for whom he had been a clerk, and remained in possession of the same only four days, during which time the sales were light. There was no change in the form or manner of keeping G.'s books; out of the proceeds of such sales he paid a small amount to the wife of G. once, and also paid for some staple goods to keep the stock salable, but did not apply any part of the sales to the payment of his mortgage debt. *Held,* It was not error for the court to instruct the jury that such possession was not of itself sufficient to defeat F.'s action for the possession of the goods, if F. could accurately account for the true amount of such sales, and further directing them to apply the amount of such sales as part payment of F.'s mortgage debt.

### *Error from Smith District Court.*

AT the April Term, 1885, *Fansler* recovered a judgment against *Isenberg,* who brings the case here. The facts appear in the opinion.

*C. W. Smith,* and *E. F. Robinson,* for plaintiff in error.

*Barnes & Reville,* for defendant in error.

Opinion by HOLT, C.: Action in replevin. Defendant in error, plaintiff below, brought his action against plaintiff in error, defendant below, to recover possession of a stock of goods and merchandise in the town of Webster, Rooks county, setting forth a special ownership therein by virtue of a chattel mortgage given him by J. K. Guillihur. Defendant made a general denial, and introduced evidence showing that he was the sheriff of Rooks county, and as such officer levied upon the goods as the property of said Guillihur, in actions brought against him by his (Gillihur's) creditors. On account of the disqualifications of the judge of the seventeenth district, by consent of all parties the case was transferred to the Smith district court for trial. A trial was had by a jury, which returned a general verdict for defendant, and also made several special findings of fact. Motions for judgment for defendant on findings, and for a new trial, were overruled. The defendant brings the case here for review.

The record brought here is incomplete. No copy of the mortgage under which plaintiff claimed is before us, and for that reason many of the questions raised by the plaintiff in error cannot be considered. The evidence shows that one Guillihur engaged in business in April, 1884, and continued in such business until in November of the same year. He borrowed of Fansler $625, giving a note therefor and a mortgage upon his goods to secure its payment. Fansler was a cousin of Guillihur's wife, and was employed as a clerk in his store. The mortgage was given November 17th, and was never recorded. Plaintiff and Gillihur agreed that plaintiff should have the right to take possession of the goods when Guillihur went to Iowa. Upon the 24th of November Guillihur went to Iowa, leaving Fansler in charge of the store as a clerk. There is some conflict of evidence when Fansler took possession of the goods under his mortgage, if he did at all. The jury found in answer to special questions, however, that he took possession as mortgagee about the time Guillihur left for Iowa. The question of his taking possession is immaterial, as it is in evidence by defendant himself that he made the first levy subject to the mortgage of Fansler, and he levied afterward under the other attachments upon the goods in his (defendant's) possession. After Guillihur went to Iowa, Fansler sold goods in the usual way, turning over once to Mrs. Guillihur six or seven dollars; paying a small amount for goods purchased by Guillihur necessary to help sell other goods in the store, and kept the books without change in any way, as they were kept when Guillihur was in charge of the store.

1. Chattel mortgage, not recorded; possession by mortgagee.

The court gave the following instruction to the jury:

"That if they should find from the evidence that at the time said mortgage was made and delivered the agreement was that Fansler should take immediate possession of the mortgaged stock as mortgagee, and sell the same and apply the proceeds thereof to the satisfaction of his debt, and that he did take such possession under said agreement and did sell goods and applied the proceeds of such sales, not upon his

own debt, but to the credit of Guillihur, and on Guillihur's account alone, then you should find for the defendant, unless the plaintiff has so accounted for such sales that you can ascertain the true amount thereof, and deduct the same as a payment on his note and mortgage."

The defendant excepted to the last part of the instruction, viz.: "unless the plaintiff has so accounted for such sales that you can ascertain the true amount thereof, and deduct the same as a payment on his note and mortgage"—being a modification of an instruction asked by him.

We think there was no error in the modification complained of. The ordinary rule applicable in like case was plainly given in the first part of the instruction, and the modification was properly given under the facts in this case. Plaintiff had been in possession of the goods only four days; the sales had been light; he had paid only a small amount to the wife of Guillihur; had paid out of the proceeds for goods to keep the stock in good shape to sell, and had kept the books in the ordinary way; he had accounted for the sales, as shown by the verdict of the jury and the deduction made by the court.

2. Instruction, not erroneous.

The jury found the value of the special ownership of plaintiff was $609.42. The amount of Fansler's note, no part of which had been paid him, would have been about $646; and on motion for a new trial, the court, as a condition for overruling defendant's motion, deducted $19.95 from the verdict of the jury, with the consent of the plaintiff, making in all the sum of over $57 less than the face of plaintiff's note. We think the court had the power to reduce the amount of the verdict, if plaintiff consented. Such reduction was in defendant's favor, and hence he had no cause to complain. This was simply an action for the possession of the goods in question. The defendant had first levied upon them subject to the mortgage of plaintiff, and taken them into his possession; afterward, when the goods had passed from plaintiff's possession to that of defendant, he then levied upon the goods under other orders of attachment. We think that under those cir-

cumstances the plaintiff was entitled to the possession of the goods until his note was paid, or he had disposed of enough goods after he had taken possession of them to have paid the note in full.

The creditors of Guillihur, who first brought suit, levied upon the goods in controversy, subject to Fansler's mortgage; the defendant, as sheriff of Rooks county, took possession of the same, and all other attachments sued out by Guillihur's creditors were levied upon goods in defendant's possession. Under such state of facts the main question to be determined was whether Guillihur was indebted to Fansler. The evidence shows that Fansler loaned Guillihur $500 in June, 1884, and afterward, in November, gave the note for $625, being the amount of $500, and services rendered Guillihur by Fansler. The turning over by Fansler to Mrs. Guillihur of a part of the money derived from the sale of the goods, and the keeping of the books without change after Fansler took possession, might be proof tending to show collusion between Fansler and Guillihur; but under the other evidence of this case, and the specific findings of fact, we cannot say that it established a fraudulent intent on the part of Fansler to defraud Guillihur's creditors.

The other errors complained of are disposed of by our view of this case. We think the court did not commit any substantial errors in the trial of this case.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.