<hr />

### BLUMENTHAL *et al. v.* LYNCH *et al.*

*(Supreme Court, Special Term, New York County.* April, 1890.)

PLEDGE—VALIDITY—POSSESSION UNDER VOID CHATTEL MORTGAGE.

Where a creditor who holds a chattel mortgage of his debtor's property which is void as to other creditors of the debtor because it was not filed takes possession of the mortgaged property with the consent of the debtor as security for the debt, he may still, as against the other creditors, hold the property as pledgee, and the fact that he files the mortgage, and attempts to sell under it, will not render the pledge void.

Action by Ferdinand Blumenthal and others against David T. Lynch and others to set aside a chattel mortgage given by Staples & Conley, judgment debtors of plaintiffs, to defendants, and to subject the mortgaged property to plaintiffs' judgment.

*A. Blumensteil,* for plaintiffs. *J. & T. H. Troy,* for defendants Lynch and Conley.

INGRAHAM, J. The defendant Lynch was the owner of certain promissory notes of the firm of Staples & Conley, which were due and secured by a chattel mortgage. The defendants Lynch and Conley testified that on the 6th or 7th of March, 1888, Conley, one of the makers of the notes, came to Lynch and said his partner had run away, and that his bank-account was overdrawn. Lynch then demanded payment of the notes, and Conley then said he would turn over to Lynch certain property which was covered by the mortgage to be applied on the payment of the debt, and Lynch accepted this property, and at once took possession of it, and at once filed the chattel mortgage. I see no reason to doubt the correctness of this testimony. It is not inconsistent with the statements of the same defendants on the former examination that the chattel mortgage was foreclosed. There is no doubt but that Lynch claimed

under the chattel mortgage, but he took possession of the property with the consent of the mortgagor, and under an agreement then made that he should hold that property as security for his claims. At this time Staples & Conley were also indebted to the plaintiffs, who subsequently obtained a judgment against Staples & Conley, and who now ask to have this mortgage set aside, and that the mortgaged property be applied to the payment of the note. Assuming that the mortgage to Lynch was void as to the mortgagor's creditors, the position of Lynch and plaintiffs was the same. They were both creditors of Staples & Conley. The debtors had the right to pledge their property to secure the payment of either debt, and thus to prefer one creditor over another; and, having that right, they delivered this property to Lynch to secure the debt due to him. The equities of the plaintiffs are not superior to those of Lynch, and Lynch having obtained, with the consent of the debtor, the possession of this property as security for his demand, I can see no reason why the court should take the possession of the property from him, and deliver it to plaintiffs, standing in the same position. The fact that Lynch at once filed his chattel mortgage, and afterwards attempted to sell under it, would not make the pledge of the property void. Assuming that the sale was void, Lynch still holds the property, and is entitled to hold it as pledgee to secure the payment of the debt due to him. The statute does not provide that, because a creditor holds an unfiled chattel mortgage to secure the payment of a debt, the creditor loses his debt, or is deprived of the methods which the law gives him to collect or secure it. He cannot interpose the mortgage between a creditor who has obtained a judgment and wishes to enforce it by an execution against the mortgaged property. As to such a creditor the mortgage is void; but if he has obtained possession of the property under an agreement with the debtor, that would entitle him to hold it as against the other creditors. The fact that he also holds a void mortgage does not make such possession void. Lynch obtained possession of the property before plaintiffs obtained their judgment, and it would be inequitable to take the property which he has, by his superior diligence, secured, and give it to the plaintiffs, whose claim was incurred subsequent to the indebtedness to Lynch, and who have never acquired possession of the property at all. I think, therefore, that the defendants are entitled to judgment, with costs.