## J. C. O. Morse v. G. M. Cook.
### No. 199.

New Trial—*should be granted when jury ignores the instructions*. Where the jury plainly disregards an instruction of the trial court, it is the duty of the court to set aside the verdict; and where a record is presented to the Appellate Court which shows that a verdict is contrary to the law of the case as presented to the jury under proper instructions, a new trial will be ordered notwithstanding the court rendered judgment in accordance with such verdict.

694        MORSE v. COOK.

S. Dept.        Opinion.   Milton, J.        6 Kan. App.

Error from Sumner District Court. Hon. James A. Ray, Judge. Opinion filed October 16, 1897. *Reversed*.

*W. W. Schwinn*, for plaintiff in error.

No appearance for defendant in error.

MILTON, J. The defendant in error sued the plaintiff in error in the District Court of Sumner County, Kansas, to recover the value of a stock of drugs, furniture and fixtures which it was alleged the plaintiff in error had wrongfully seized and converted to his own use, and for damages for interrupting. and destroying the business of defendant in error. Defendant's answer averred that he was sheriff of Sumner County, and, as such, made a levy upon the property in controversy under an execution which had been issued upon a judgment of the District Court of said county, entered on October 21, 1889, in favor of Fultz & Millard and against B. O. Webb and others, for $1,654.50 ; that said property was bought, July 14, 1891, by B. O. Webb, and was paid for by him, and that he caused the same to be transferred to his wife, Frank Webb, with intent to cheat, hinder, delay and defraud his creditors ; that said Frank Webb participated in the fraudulent scheme and had full knowledge of it ; that she paid no part of the consideration for said property, except that certain real estate and other property, or the proceeds thereof, standing in her name, was used in the purchase of said property, but that the property so used in such purchase had been transferred to her by her husband, or by others at his procurement, with intent to hinder, delay and defraud his creditors ; that B. O. Webb was, and for a long time had been, insolvent, outside of the property fraudulently con-

veyed to his wife; that the plaintiff had no title' or ownership in the property seized, except by virtue of a pretended sale to him by B. O. Webb and his wife, and that said sale to him was made to him with a fraudulent intent as aforesaid, and with knowledge on the part of plaintiff of such intent; and that plaintiff had not at the time of said levy, nor at any time since, paid any of the price of said property.

Plaintiff's reply contained only a general denial. The jury returned a general verdict for $1,375 in favor of plaintiff below. The special findings showed that the value of the goods in controversy was $1,100, and that $75 was allowed for prospective profits, and $200 for other damages. The plaintiff below remitted the last two items, and judgment was rendered for $1,100 and costs.

The evidence showed clearly the truth of the averments of the answer as to the transfer, without consideration, by B. O. Webb to his wife of all his property after the judgment in favor of Fultz & Millard was rendered, and that Webb always retained management of the property under the guise of her agent. As her agent he bought the stock of drugs concerning which this action was brought, and as such agent sold it to Mr. Cook. The latter gave $70 in cash and twelve notes of $112.50 each, for the Webb interest in the drug stock, a small interest in it being owned by E. D. Easter. The notes were made payable to Frank Webb, and one fell due each month after the sale. After making the purchase, Cook removed the stock from Milan to Argonia, in Sumner County, and had run the store less than two weeks when the levy was made. He paid none of the notes, and the deposition of Mrs. Webb showed that she was at that time the holder of them.

An examination of the record in this case convinces

696      Morse v. Cook.

S. Dept.      Opinion.   Milton, J.      6 Kan. App.

us that the verdict and judgment are erroneous. While good faith on the part of Cook can fairly be inferred from the evidence, we think the proof of his good faith is not sufficient in view of the other facts in the case. The giving of the notes was not payment, the notes not having been negotiated. *Dodson v. Cooper*, 37 Kan. 346; *Green v. Green*, 41 id. 472. One who purchases from a fraudulent grantee or vendee is not protected unless he has paid the purchase money, and to the extent that he has not paid the purchase money he stands on the same footing as the fraudulent grantee or vendee. *Dolen v. Van Demark*, 35 Kan. 306. See also *Bush v. Collins*, 35 id. 535; *Work v. Coverdale*, 47 id. 307. The court covered these propositions in an instruction, but the jury seem to have disregarded it. The verdict is thus contrary to the law of the case, and the trial court should have set it aside for this reason.

It appears that plaintiff below had taken the deposition of B. O. Webb. This deposition contained a purely voluntary statement to the effect that Millard, one of the firm of Fultz & Millard, the judgment creditors, having been informed by Webb after their judgment was obtained that Webb had caused his property to be conveyed to his wife, stated that it was all right and that the judgment could be collected from the other judgment debtors. Before the trial began, defendant filed a motion to strike out this statement, but the court overruled the motion. Plaintiff having failed to put this deposition in evidence, the defendant introduced it and it was read to the jury.

The trial court erred in overruling this motion, but as the defendant thereafter used the deposition in his own behalf, the error becomes unimportant. Under the pleadings this evidence was irrelevant, and the court ought to have directed the jury to disregard it.

We are unwilling to sustain the verdict and judgment on the theory that the jury may have based their verdict on this evidence. The instructions are silent as to this matter.

After a careful examination of the entire record, we conclude that plaintiff in error is entitled to a new trial.

The judgment of the trial court is reversed, and the cause remanded for a new trial.