NEW-YORK,
May, 1811.

JACKSON
v.
HARRIS.

———— ⊕ ————

JACKSON, *ex dem.* HARRIS, *against* MARGARET HARRIS.

THIS was an action of *ejectment*, tried before Mr.
Justice *Spencer*, at the *Schenectady* circuit, the 24th *Oc-*

*A.*, by his last
will, devised as
follows: " As
touching such
worldly estate
wherewith it hath pleased God to bless me, I give, devise, and dispose of the same, in the fol-
lowing manner and form : First, I give to *Jeremiah*, my eldest son, 40 pounds, to be levied out
of my estate; to my son *Jacob* 40 pounds, &c.; to my daughter *E.* 5 dollars, &c. to my young-
est son *James*, I give and bequeath a certain lot, &c. Also, to my beloved son *Henry*, I give
and bequeath all this certain lot of land which I now possess, with the farming utensils," &c.
and added, "all these legacies before mentioned, to be paid on the first of *May*, 1805, and to
be raised and levied out of my estate," and then appointed his son *Henry* and another person
his executors. It was held, that *Henry* took an estate for *life* only, it being contingent whe-
ther the devisee would be chargeable with the payment of the legacies.

*tober*, 1810, when a verdict was taken for the plaintiff, subject to the opinion of the court, on the following case :

*Ebenezer Harris*, who died seised of the premises in question, by his last will, dated the 12th *March*, 1800, devised as follows : " as touching such worldly estate, wherewith it has pleased God to bless me in this life, I give, devise, and dispose of the same, in the following manner and form : First, I give to *Jeremiah*, my eldest son, 40 pounds, &c. to be levied out of my estate. Also, I give to my son *Jacob* 40 pounds, to be raised out of my estate, &c. and my daughter *Elizabeth* 5 dollars. Also, to *Polly* I give 30 pounds, &c. Also, to *Phœbe* I give 30 pounds, &c. Also, to my youngest son *James*, I give and bequeath one certain lot of ground, being part of lot No. 139. &c. Also, to my beloved son *Henry* I give and bequeath all this certain lot of land, which I now possess, and is known by No. 136. together with the farming utensils, &c. Further, I give *Henry* a good bed, &c. ; to *Henry*, *Polly* and *Phœbe*, all the household furniture, &c. All these several legacies before mentioned, is to be paid the 1st day of *May*, 1805, all of which is to be raised and levied out of my estate ; and also, I do appoint *John Victory*, and *Henry Harris*, my executors," &c.

It was proved, by one of the executors, that all the debts and legacies were paid out of the personal estate, which was appraised in the inventory at 1,071 dollars, and the debts and legacies amounted to 509 dollars and 36 cents.

*Henry Harris*, the devisee named in the will of *Ebenezer Harris*, died, after making his will, dated 16th *March*, 1810; and after giving several legacies to be raised out of his estate, he devised as follows : " and the rest of my estate, after paying my debts and the several legacies, I give to my beloved wife *Margaret*." *Margaret Harris*, the defendant, has been in possession of the pre-

mises since the death of her husband *Henry Harris*, and claims to hold adversely to the lessors, who are the children and grandchildren of *Ebenezer Harris*.

*J. B. Yates*, for the plaintiff, contended, that *Henry Harris*, by the words of the will of *Ebenezer Harris*, took no more than an estate for life. The words " I give to my beloved son *Henry* all that certain lot," &c. are not of themselves sufficient to pass an estate *in fee*. Then, do the introductory words give them a greater extent? But the introductory words must be connected with the devising clause, to aid or explain it.* But even if the prefatory words are connected with the subsequent clause, they will have no effect unless there be some ambiguity in the devise. It has been repeatedly decided that the introductory words themselves are not sufficient to carry a fee.† The case of *Frogmorton* v. *Wright*‡ is perfectly analogous; and Lord Chief Justice *De Grey* said, that words such as are used in this will, were never determined to carry a fee; that the words are merely descriptive of the locality, not of the quantity of the estate.

*  *Denn v. Garkin, Cowp.* 657.

† *Cowp.* 352. 5 *Term Rep.* 13. 292.558. 6 *Term Rep.* 175. 610. 3 *Atk.* 486. note. ‡ 3 *Wils.* 414.

It may, perhaps, be said, that the legacies were chargeable on the real estate devised. But there are no words in the will which make them a charge on the real estate. Even if the real estate was intended, yet the devisee will not take a fee, unless the real estate devised be specifically charged.§

It will be objected, that the parol evidence to show that the personal estate was sufficient to pay all the debts and legacies, was inadmissible. In *Doe* v. *Bucknel*,¶ it seems to have been regarded as admissible, and Lord *Kenyon* considered it as perfectly satisfactory, though not the ground of the decision in that case; and such appears to have been the opinion in the case of *Moore* v. *Price*.**

§ 6 *Co.* 16. 2 *Atk.* 541. 8 *Term Rep,* 497.

¶ 6 *Term Rep.* 610.

** 3 *Keb.* 49.

*Henry* and *Van Vechten*, contra. The testator sets out, in the usual words, denoting an intention to pass all his estate, real as well as personal. He then gives several legacies, chargeable on his estate, and then other legacies, and fixes a time for their payment, and declares that they are to be raised out of his estate.

Parol evidence to show that the *personal* estate only was intended to be charged with the debts and legacies, is clearly inadmissible. In *Ulrich* v. *Litchfield*,\* Lord *Hardwicke* said, that there were only two cases in which parol evidence could be admitted in the construction of a will; first, to ascertain the person, where there are two of the same name ; and second, to rebut a resulting trust. These are cases of a latent ambiguity. But there is no such ambiguity here. A man's whole estate comprehends the real as well as personal; and any parol evidence to confine the meaning to personal estate would contradict the will. Admitting that there was personal estate sufficient to pay all the debts and legacies, it does not follow that it was the intention of the testator that the personal estate should be exclusively applied to that purpose.

Then, we contend, that the devise to *Henry Harris* passed a fee by necessary implication, the legacies being in gross, payable on a certain day, out of the whole estate, and not out of the profits. Though the introductory words cannot control the devise, yet they may be received, in explanation of the intention.† Appointing the devisee executor, shows an intention that the land should be sold for the payment of the legacies. The words " all these legacies are to be raised and levied out of my estate," are as strong as a devise of lands to pay debts.‡ This point was expressly decided in *Jackson*, ex dem. *Decker and others*, v. *Merrill*,§ in this court. The charge is on the whole estate, which includes real as well as personal. The court cannot confine it exclusively to the

\* 2 *Atk.* 372.

† *Cases temp. Talb.* 157.

‡ 3 *Burr.* 1623.
3 *Wils.* 143.

§ 6 *Johns. Rep.* 185.

personal estate.* It is enough if the devisee might, by possibility, be injured, if the estate was not construed to be a fee.

SPENCER, J. delivered the opinion of the court. The *5 *East,* 87. 97. lessors of the plaintiff are the heirs at law of *Ebenezer Harris,* and claim as such. The defence set up is, that *E. Harris* devised the premises in question to *Henry Harris,* and that he devised them to the defendant.

The question, then, between the parties, turns on the will of *E. Harris,* and whether under it, *Henry Harris* took an estate for life, or an estate in fee-simple. It has been contended, on the part of the defendant, that *Henry* took a fee under the will, 1st, in consequence of the charge on the real estate devised; and, 2d, by the words in the introductory part of his will, by which he evinces an intention to make an entire disposition of his estate.

It appears to be well settled, that the declaration of an intention to dispose of an estate, "in manner and form following," or such like words, will not carry a fee. The declared intention has, sometimes, been called in aid to ascertain the quantity and extent of the devise, but has never been adjudged sufficient to determine the quantity of interest which the devisee took. (*Cowp.* 660. 3 *Burr.* 1618. 3 *Wils.* 141. and 414. 11 *East,* 220.)

The will gives the premises by these words : " also to my beloved son *Henry Harris,* I give and bequeath all this certain lot of land, which I now possess, and is known by No. 136. together with all my farming utensils, and likewise the stock belonging to my estate ;" then, after some specific legacies, are these words, " all these several legacies before mentioned, is to be paid the first day of *May,* 1805, *all of which is to be raised and levied out of my estate.*" The residuum of the testator's

NEW-YORK,
May, 1811.

JACKSON
v
HARRIS.

personal property is not disposed of, and he makes *Henry Harris* and another person his executors.

Some stress was placed on the word "*all*" in the devise of the premises to *Henry*. To show that such a word is to be taken as descriptive of locality and not of interest, the cases of *Bailis* v. *Gale*, (2 *Ves.* jun. 48. 4 *Cruise's Dig.* 249.) and *Right* v. *Sidebotham*, (*Doug.* 759.) are in point.

In deciding this case, we do not think it necessary to examine and pronounce on the difference between the effect of a charge on the person of the devisee, in consequence of the devise, and a charge on the estate devised; there is some subtilty in the distinctions on this subject. But we are of opinion that *Henry Harris* took only a life estate in the lands devised, on the principle, that it was contingent whether the devisee ever would be chargeable with the payment of the legacies; and that to carry a fee by implication, it is necessary that the charge should be absolute and certain.

The charge here is on the testator's *estate* generally; and it imports his property, his estate, as well personal as real. If the personalty was sufficient to pay the legacies, that fund must be first resorted to; for it is the natural and legal fund for the payment of debts and legacies. The leading case which decides that a contingent charge on a real estate will not carry a fee, is that of *Merson* v. *Blackmore*. (2 *Atk.* 341.) The master of the rolls, in giving his opinion, said, " where a gross sum is to be paid out of the lands, to be sure, it gives a fee to the devisee of those lands. But here, the debts are not, at all events, charged on the real estate, but only contingently, if the personal estate should be deficient, and therefore does not come up to the cases cited, of a gross sum to be paid out of land, and consequently gives no more than an estate for life." The very point arose in *Doe* v. *Allen*, (8 *Term Rep.* 497.) The decision of the master of the rolls in *Merson* v. *Blackmore* was cited

and sanctioned by the court. The case of *Doe* v. *Snelling* (5 *East*, 87.) does not overrule the cases last cited, but proceeds on a different principle.

We give no opinion as to the admissibility of the parol proof, going to show that the executors took a personal estate more than sufficient to pay off all the debts and legacies, as it is not necessary to the decision of the cause.

The plaintiff must have judgment.