The opinion of the Court was delivered by
Colcock, J.
The words of the Act’ áre, “ Whereas it is necessary to settle the mode of proving and recording deeds and other conveyances in the several counties of this State, for-preventing frauds, Be it enacted, That no conveyance of lands, tenements, or hereditaments, within this State, shall pass, alter, or change, from one person or persons, to another, any estate of inheritance, in 'fee simple, or any estate for life or lives, nor shall any greater or higher estate be made or take effect in any person or persons, or any use thereof, to be made by bargain or sale, lease and release, or other instrument, unless the same be made in writing, signed, sealed and recorded in the clerk’s office of. the county, * where the land mentioned to be passed or granted shall be, in manner follow- l' -[1] ‘ ing Por persons within the State six months. For those resident in any other of the United States, twelve months. For those resident without the limits of the United States, two years. “And if any deed- or any other conveyances shall not be recorded within the respective times before mentioned, such deed or other conveyance shall be legal and valid only as to the parties themselves and their heirs; but shall be void, and incapable of barring the right of persons claiming as' creditors, or under subsequent purchasers, recorded in the manner herein before prescribed,” &c. 1 Brev. 111. Grimke, P. L. 881-2. It was contended, that this Act did not apply to sales made by sheriffs, because such transfers were sufficiently notorious without the recording of the sheriffs’ deed.
Secondly.^ — Because, from the language of the Act, it could never have 'been intended to embrace sheriffs’ deeds. It speaks of persons without *434 the State, which can never be the situation of a sheriff. It makes the deed valid áfe to the parties, and a sheriff is not to be considered as a party to his deed ; for, if so, the deed might be void as to the persons whose property was sold, if not recorded within six months, yet binding on the sheriff, which could never have been intended.
The Act, I think, embraces sheriff’s deeds as well as others.[1] The words are certainly sufficiently comprehensive to embrace them. Indeed, from the meaning which must necessarily be attached to them, it must embrace such deeds. No conveyance of lands, tenements, hereditaments to be made by bargain or sale, lease or release, or other instrument, without any exceptions, certainly must comprehend a conveyance from the sheriff; and it surely can be no objection to this, to say, that the Act speaks of persons residing without the State, and even of those without the United States; for an'Act may require conveyances of lands within the State, made by those who reside without the State, to be recorded in the %, n„-, district where *the land lies, and such a requisition is not ineonsis-J tent with a' similar requisition as to those who live within the State. The Act intended to provide for the case of all persons conveying land lying within the State, whether they were resident within the State or not. Nor can I see any objection to the sheriff’s being embraced in the word “ parties.” He certainly is a party to the deed which he makes, and I can see no inconvenience from the deed’s being considered as valid between him and a purchaser, when it was not recorded. The object of the Act was to prevent frauds, and to' protect creditors, and subsequent purchasers. Perhaps he and the debtor would both be considered as parties, he as the agent of the debtor, and neither of them would be permitted to take the advantage of the want of recording. Be that as it may, the law is clear, that as to subsequent purchasers, the deed of the sheriff, or any other person, not recorded within six months, is void. Much reliance wms placed on the argument predicated on the publicity and notoriety of sheriffs’ sales. But the very case Ipefore us shows the fallacy of such reason. Here is an instance of a sale by a sheriff, and no conveyance to the person to whom it wras knocked off. And this frequently happens ; a purchaser fails to comply with his contract, a resale is made, one who is the highest bidder transfers his bid, and the'title is made -to the person to whom the'right is transferred. These sales are not more public than sales by a vendue master, in a large and populous city, nor indeed are they more so in the country than many sales by other auctioneers.
As to the second ground, it cannot be supported, either by the facts or the law.
The only fact relied on to prove that James It. Massey knew of the sale to Hogan, is the entry in the sheriff’s books; and that is by no means conclusive, for two reasons already, mentioned. But if he had known of the sale, that does not sastify the law ; the object of it was to give notice to all, and thereby prevent fraud. For which purpose, the deed is de-dared *to be void as to subsequent purchasers, if not recorded. -I lam aware of the high authority against this position ; butl shall ever think nothing short’ of Legislation to dispense with the positive *435 enactments of the law on the subject. ' What does it tend to ? First it is to be determined in point of fact, that notice is given. ‘ Secondly, what shall be evidence of notice ? And here we are launched into a sea of uncertainty. One says the deed must be seen ; for a man is not bound to believe every report which he may .hear. Another determines, that if he is put upon the inquiry, it is sufficient, at least to go to the jury, and then, by departing from the clear and positive requisitions of the law, doubt and uncertainty are engendered. But if notice be deemed an equivalent for recording, it certainly should be notice of an actual, legal and bona fide transfer. And this appears to be the better opinion of those who contend that notice is adequate to recording. On this occasion, it was not even pretended, however, that the plaintiff had any notice.[1] And it is said to be a settled rule, that if one affected with notice, sells to one without notice, the latter will be protected equally as if no notice had ever existed. Bebee v. Bank of N. York, 1 John. Rep. 513-4. Ferrars v. Cherry, 2 Vern. 384. Jackson v. Given, et al., 8 John. 141. 2 Fonb. 153. Mertins v. Jolliffe, et al., Amb. 313.
Miller, for the motion. Williams, contra.
But it is further contended, on the part of the plaintiff, that if it be not necessary to record the plaintiff’s deed, or if notice to the'plaintiff were clearly proven, yet, that he should recover upon the principle, that the defendant is estopped by his deed.[2] As a general rule, I would say, that ■where the interest of one in possession has been fairly sold by the authority of the law, he should not be suffered to gainsay the title of the purchaser. An unfortunate debtor will struggle to the last and would at all times (showing the title deeds in his possession,) be‘able to show title in another. I think, therefore, both from policy and thé analogies of the law, he ought not to be permitted to oppose the title of a purchaser. The sheriff’s deed *is his. He has received the consideration. It „ has been applied to the payment of. his debts. ' He should be L estopped. Ho more should he be permitted to oppose the recovery of the plaintiff, than if he had signed the conveyance with his own hand, or had become the tenant of the plaintiff.
The motion is discharged.
Hott, J.
Whether notice will dispense with the necessity of recording, I give no opinion, but taking into consideration all the circumstances of the case, I concur in the conclusion.
Gantt and Johnson concurred with Nott, J.
RICHARDSON, J.
I do not concur also in the decision that a sheriff’s release need be recorded, but I do concur in the opinion otherwise.

 County Court Act, 7 Stat. 232, g-45.

 Post. 578.

 6 Rick. 460.

 Ante, 53.