ALEXANDER ROGERS, PLAINTIFF IN ERROR, v, JOHN K. PIERCE AND DAVID C. PIERCE, DEFENDANTS IN ERROR.

Chattel Mortgage: CONVERSION. One H., a resident of K. county, executed in A. county a chattel mortgage upon a horse to P. and P., on the 6th of September, 1879, which mortgage was recorded on the 23d of the same month. On or before the 19th of September of that year H. sold the horse to P., who, on the 6th day of October, 1879, sold the same to R., who traded the same for other property. In an action by the mortgagees against

R. for conversion, *held*, *First*, that P. having purchased the horse before the mortgage was recorded, the presumption is that he purchased without notice, and the burden of proof is on said mortgagees to show such notice. *Second*, a purchaser from one not having notice is not liable for conversion of such property.

ERROR to the district court for Adams county. Tried below before GASLIN, J. The opinion states the case.

*Batty & Ragan,* for plaintiff in error.

Mortgage was void. Place of sale should have been Kearney county. Gen. Stat., 482. Powers had a right to purchase the horse before mortgage was placed on file. *Travis v. Bishop,* 13 Met., 304. *Fuller v. Paige,* 26 Ill., 358. *Mayham v. Coombs,* 14 Ohio, 428. Herman on Chattel Mortgages, 307. Pierce Brothers must bear the loss, *Smith v. Worman,* 19 Ohio State, 145.

*George F. Work* and *T. D. Scofield,* for defendants in error.

Owner, or one entitled to immediate possession, may pursue and recover his property in the hands of an innocent purchaser. *Railroad Co. v. Kaulbrummer,* 59 Ill., 152. *Clark v. Wells,* 45 Vermont, 4. *Seago v. Pomeroy,* 46 Geo., 227. Every person who aids or assists in the conversion of property, whether with knowledge of the facts or not, is responsible to owner for all damages sustained by him. Rogers knew of the mortgage, and that it was duly filed, long before he sold the horse. *Stephens v. Elwall,* 4 Maule & S., 559, 561. *Parker v. Godin,* 2 Str., 813. *Yost v. Stout,* 4 Coldw. (Tenn.), 202. Pierce Bros., being entitled to the immediate possession of the property, they are entitled to recover even though Rogers bought the horse in good faith, Rogers having personal knowledge of the existence of the mortgage, and also on his personal promise to return the horse or settle for him. *Dixon v. Caldwell,* 15 Ohio St., 412. *Tallman*

4

*r. Turck*, 26 Barb., 167. *Moulton v. Moulton*, 40 Vt., 242. *Flanders v. Colby*, 28 N. H., 34.

MAXWELL, CH. J.

On the 6th day of September, 1879, one Heath, a resi-dent of Kearney county, purchased a horse from the de-fendants at Hastings, in Adams county, for the sum of one hundred dollars, and executed a mortgage on the same to secure the payment of eighty dollars with ten per cent. interest, on the 1st day of September, 1879. On or about the 19th day of September, Heath sold the horse in question to one Powers, who, on or about the 6th day of October of that year sold said horse to the plaintiff for about the sum of eighty dollars. There is no testimony tending to show that Powers had notice of the existence of the mortgage at the time he purchased the horse, or that the plaintiff at the time of his purchase had any actual notice of its existence. On or about the 20th day of October, 1879, one of the defendants went to the resi-dence of the plaintiff and demanded the horse in question, claiming the same under the mortgage. There is a con-flict in the testimony as to whether or not the plaintiff was permitted by the defendants to retain the horse in question upon his promise to pay for the same; and in the view we take of the case, it is entirely immaterial whether such promise was made or not, as it will not sustain the action without a consideration, that is, un-less the mortgage was valid as against Rogers. The plaintiff afterwards traded off the horse for other prop-erty. The defendants, after demand therefor, brought an action for conversion of the horse, and recovered the sum of ninety dollars. The cause is brought into the court by petition in error.

Sec. 14 of Chap. 32 of Comp. Stat. provides that: "Every mortgage or conveyance intended to operate as a

mortgage of goods and chattels hereafter made, which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgager and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, shall be filed in the office of the county clerk of the county where the mortgagee executing the same resides, or, in case he is a non-resident of the state, then in the office of the clerk of the county where the property mortgaged may be at the time of executing such mortgage, and such clerk shall endorse on such instrument or copy the time of receiving the same, and shall keep the same in his office for the inspection of all persons; and such mortgage or instrument may be so filed, although not acknowledged, and shall be valid as if the same were fully spread at large upon the records of the county."

Powers is shown by the testimony to have purchased the horse before the mortgage was recorded, and in the absence of proof to the contrary he is presumed to be a *bona fide* purchaser, and the burden of proof is on the defendants to show that he had notice of their mortgage. *Fort v. Burch*, 6 Barb., 78. *Center v. Bank*, 22 Ala., 743. *McCormick v. Leonard*, 38 Ia., 272. *Miles v. Blanton*, 3 Dana, 525. *Van Wagenen v. Hopper*, 8 N. J. Eq., 707. The reason is, the first purchaser being entitled to hold and enjoy the property thus purchased, he is equally entitled to sell the same. *Alexander v. Pendleton*, 8 Cranch, 462. *Jackson v. Given*, 8 Johns., 141. *Bumpus v. Platner*, 1 John Ch., 219. *Demaret v. Wyncoop*, 3 Id., 147. If Powers was a *bona fide* purchaser, he could convey to whom he pleased, as a purchaser, without notice, may convey to one with notice and the latter will be protected. This is decisive of the case. There is an entire failure of proof tending to show that Powers was not

a *bona fide* purchaser, and without such testimony the defendants in error can not recover.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.