John Flanagan, plaintiff in error, v. Continental Insurance Co., defendant in error.

Justice of Peace: JUDGMENT BY CONFESSION. Where a defendant appears without process before a justice of the peace and confesses judgment in favor of a creditor, the assent of such creditor is necessary to give such justice jurisdiction, but where a creditor has brought an action against a debtor to recover a specified sum of money upon a certain claim, and caused a summons to be issued and served, and the debtor appears before the justice and confesses judgment for the amount claimed and costs, the assent of the plaintiff will be presumed, and to entitle him to have the judgment set aside, he must make it appear to the justice that he has been prejudiced by such confession.

ERROR to the district court for Douglas county. Tried below before WAKELEY, J.

*David Van Etten,* for plaintiff in error.

*Breckenridge & Breckenridge,* for defendant in error.

MAXWELL, CH. J.

On June 11, 1885, the Continental Insurance Company began an action before a justice of the peace against Julia Flanagan and John Flanagan to recover the sum of $16.00 due on a promissory note. Summons was issued returnable June 19, 1885, at one o'clock P.M., and delivered to a constable, who, on June 15, 1885, returned the same served. On June 19, 1885, the parties appeared, and by consent the case was continued until July 11, 1885, at one o'clock P.M.

June 27, 1885, John Flanagan appeared and confessed judgment for the sum of $19.22, and on June 29, 1885, Julia Flanagan appeared and confessed judgment for the sum of $19.22, and thereupon the justice rendered judgment for the plaintiff in the sum of $19.22, and costs of suit, taxed at $4.75.

On July 11, 1885, the plaintiff filed a motion to set aside this judgment for the reason that it was rendered on confession without the consent of plaintiff, which motion was overruled, to which plaintiff duly excepted. The case thereupon was taken on error to the district court, where the judgment of the justice was reversed. The defendants below now prosecute a petition in error in this court.

Section 433 of the code provides that, "Any person indebted, or against whom a cause of action exists, may personally appear, in a court of competent jurisdiction, and, with the assent of the creditor, or person having such cause of action, confess judgment therefor, whereupon judgment shall be entered accordingly."

This court, in construing the above section in *Mercer v. James*, 6 Neb., 406, held that a justice of the peace, with the assent of the plaintiff, may render judgment on the personal confession of the defendant made orally in open court. That is, that a debtor, with the assent of the cred-

itor, may waive the issuing and service of summons and appear before a justice of the peace and confess judgment in favor of the creditor. To bind the creditor, his assent, either express or implied, must be obtained, as otherwise the judgment confessed might be greatly below the actual amount of the debt. Where, however, a creditor brings an action against his debtor upon a specified cause of action, and the debtor, to save expense, or for other cause, confesses judgment for the amount claimed, the assent of the creditor will be presumed. The creditor in effect makes demand for judgment for a certain sum and costs, and the debtor confesses that the creditor is entitled to judgment for the sum demanded. If a mistake has been made in the amount of the claim, or in any other respect, it must be brought to the attention of the trial court by a motion sustained by evidence, otherwise the error will be waived. In the case under consideration the judgment confessed by the defendants below was for the full amount claimed by the plaintiff. In what manner it is prejudiced by such confession was not made to appear to the justice, and is not apparent to this court; at the most it was error without prejudice. It is not the policy of the law to encourage continuous litigation of trifling matters of this sort, but to bring the same to a speedy and, if possible, inexpensive determination.

There being no prejudicial error in the ruling of the justice, the judgment of the district court is reversed and the judgment of the justice reinstated.

JUDGMENT ACCORDINGLY.

THE other judges concur.