H. L. SPAULDING V. J. SHERBURNE JOHNSON.

FILED JUNE 16, 1896. No. 6682.

</div>

1. **Chattel Mortgages: FAILURE TO REGISTER: RIGHTS OF CREDITORS.** A mortgage of chattels, where the mortgagor is permitted to retain the exclusive possession and control of the property conveyed, is void as against creditors of such mortgagor unless filed for record as required by section 14, chapter 32, Compiled Statutes. (*Farmers & Merchants Bank of York v. Anthony*, 39 Neb., 343.)

2. **Review: TRANSCRIPT: JUDGMENT BY CONSENT.** Where a transcript shows the filing before a justice of the peace of a bill of particulars in due form, accompanied by a demand for judgment against the defendant, and an acknowledgment by the latter, in writing, of the indebtedness alleged, with a request for the entry of judgment therefor, the assent of the plaintiff, although not affirmatively appearing, will be presumed, particularly where he is

shown to have subsequently procured an execution to be issued for the satisfaction of the judgment so rendered.

ERROR from the district court of Madison county. Tried below before JACKSON, J.

*John R. Hays,* for plaintiff in error.

*Phelps & Sabin, contra.*

POST, C. J.

This case involves the right of possession of a stock of drugs and store fixtures, the defendant in error, plaintiff below, claiming under a chattel mortgage executed by one Moore, and the plaintiff in error claiming by virtue of five executions to satisfy as many different judgments against the mortgagor named.   There was a trial before the district court for Madison county, resulting in a verdict and judgment for the plaintiff below, which has been removed into this court for review by means of the petition in error of the unsuccessful party.

The facts out of which the controversy arose are, briefly stated, as follows: The defendant in error, in the month of January, 1889, sold to said Moore the stock of drugs in dispute, receiving therefor the sum of $550 in cash and trade and twelve notes amounting in the aggregate to $1,750, the first of which was payable six months after date and one maturing every six months thereafter. Moore, for the purpose of securing said notes, executed to the defendant in error a mortgage covering the property in controversy, expressly reserving the possession thereof, and containing a power of sale in the following words: "Permission being hereby granted to sell in an ordinary business way from above stock, provided stock be not reduced below $2,000." That mortgage is, it is conceded, by reason of the power of sale therein contained, void as to creditors of the mortgagor.   On November 12, 1890, there were outstanding eleven of the notes above described, which were satisfied by the execution by Moore

of a note for the amount thereof, to-wit, $1,800, payable
to the order of the defendant in error one day after date.
To secure the note last described, Moore, on the same day,
to-wit, November 12, 1890, executed in favor of the de-
fendant in error a second mortgage upon the stock of
drugs aforesaid, and which was filed for record Novem-
ber 14 at 2 o'clock P. M.    The mortgage last mentioned
contains no such provision as that above quoted and ap-
pears to have been given in consequence of the recognized
invalidity of the one first executed, there being no agree-
ment for a change of possession, the mortgagor remain-
ing in charge of the stock and selling therefrom in due
course of business until dispossessed by the plaintiff in
error as hereafter shown.    On November 13, 1890, judg-
ments were recovered against Moore, the mortgagor, as
follows: In favor of Rome Miller for $175.25, and in favor
of Horneck, Hess & Moore for $151.36 and $179.59; and
on November 14, judgments were recovered against the
same party by A. Gunther for $141.64, and the Citizens
National Bank for $105.    Executions were immediately
issued for the satisfaction of the said judgments, and on
the afternoon of the 13th the property in controversy was
thereunder seized by the plaintiff in error as constable;
and on the morning of the 14th a further levy was made
to satisfy the judgment rendered on that day.    On No-
vember 20 this action of replevin was instituted by the
defendant in error and prosecuted to judgment with the
result stated.

The only assignment of the petition in error which we
shall notice is that relating to the sufficiency of the evi-
dence to sustain the judgment complained of.    As has
been observed, the several levies were fully completed,
and the plaintiff in error was in possession by virtue
thereof when the second mortgage was filed for record.
The case is therefore directly within the rule announced
in *Farmers & Merchants Bank of York v. Anthony*, 39 Neb.,
343, and must be governed thereby.    It is said in that
case, quoting from the syllabus: "When the possession

of property described in a chattel mortgage remains with the mortgagor, and the mortgage, or a copy thereof, is not filed as required by section 14, chapter 32, Compiled Statutes, the mortgage is absolutely void as to creditors of the mortgagor, no matter whether they have actual notice of the mortgage or not." It is unnecessary to elaborate upon what is there said. It is sufficient that the conclusion stated is fully supported by the authorities cited, and in harmony with the plain provision of the statute.

It is, however, contended that the judgments above described are void, and that the plaintiff in error was accordingly a trespasser, without any right to the possession of the property levied upon; but to that proposition we cannot agree. The records in question are substantially alike and of which one is here set out:

"Before George N. Beels, Justice of the Peace for Madison County.

"Rome Miller, Plaintiff,

       v.

O. S. Moore, Defendant.

"November 13, 1890, plaintiff filed bill of particulars claiming the sum of $175.25 on account for rent. At the same time the defendant filed his written statement as follows [omitting caption]:

" 'Comes now the defendant O. S. Moore and, waiving the issuance and serving of summons herein, admits that he is indebted to the plaintiff Rome Miller on the account set out in the bill of particulars, in the sum of $175.25, and consents that judgment may be entered against him for that amount.

" 'Dated Norfolk, Nebraska, this November 13, 1890.

" 'O. S. Moore.'

"It is therefore considered that the plaintiff have and recover from the defendant the sum of $175.25, together with the costs of this action, taxed at $2.

"George N. Beels,

"*Justice of the Peace.*"

In *Mercer v. James*, 6 Neb., 406, one Woods, the maker of a promissory note, voluntarily appeared before a justice of the peace, acknowledged his indebtedness to the plaintiff on said note, and consented to the entry of judgment for the amount due thereon, which was accordingly there done. It was held that the plaintiff's assent, although not affirmatively shown by the transcript, should be presumed from the fact that he procured a satisfaction of the judgment by an execution, levy, and sale of the defendant's property. That case was followed and approved in *Flanagan v. Continental Ins. Co.*, 22 Neb., 235, and must be accepted as the law of this state. It follows that for the reason stated the judgment of the district court must be reversed and the cause remanded.

REVERSED.