MEYER & RAAPKE ET AL. v. GEORGE W. MILLER ET AL.

FILED MAY 18, 1897. No. 7194.

1. **Garnishment of Mortgagee.** Where a mortgagee of chattels is in possession of the mortgaged property, the interest of the mortgagor therein after the debt is paid may be reached by process of garnishment by a creditor of the latter.

2. **Effect of Garnishment.** It is firmly settled that proceedings in garnishment are binding from and after the service of the summons upon the garnishee, and the property of the debtor in his hands is thereby placed *in custodia legis*.

3. **Chattel Mortgages: REGISTRATION.** Under section 14, chapter 32, Compiled Statutes, a chattel mortgage can be made a valid lien as to the other creditors of the mortgagor only by depositing the instrument, or a copy thereof, in the office of the county clerk of the proper county, or by the mortgagee taking and retaining possession of the mortgaged chattels.

ERROR from the district court of Dawson county. Tried below before HOLCOMB, J. *Reversed.*

*E. A. Cook*, for plaintiffs in error.

*C. W. McNamar* and *G. W. Fox*, contra.

NORVAL, J.

On the 15th day of February, 1893, D. R. Cole, of Lexington, Dawson county, executed and delivered to D. E. Cole and G. W. Cole a chattel mortgage on his stock of merchandise and fixtures to secure a *bona fide* debt which he then owed them. The mortgage was filed, and possession of the property was immediately taken thereunder by the mortgagees, who sold the same, receiving $214 in excess of the amount of their debt. On the same day said D. R. Cole executed and delivered to G. W. Miller & Co. a second chattel mortgage on the same property, by its terms subject to the one aforesaid, to secure a note of $300, but which last mentioned mortgage was not filed for record until February 17, 1893, and at no time had the firm of G. W. Miller & Co. taken possession of the property under its mortgage. On the 16th day of February, 1893, Meyer & Raapke, Atwood & Steel, Allen Bros., and George W. Chase & Son each instituted an action in the county court of Dawson county against said D. R. Cole to recover a debt due for merchandise sold and delivered to him. A writ of attachment and garnishee summons were issued in each cause, and the latter was directed to and served upon the said D. E. Cole and G. W. Cole the day prior to the filing of the chattel mortgage to G. W. Miller & Co. Subsequently, each plaintiff recovered a judgment in its said action against the defendant therein for the amount of his indebtedness. The garnishees appeared in said causes and answered that they had in their hands the sum of $214 belonging to D. R. Cole as the proceeds of the sale of the mortgaged property over the amount of their debt, interest, and costs. G. W. Miller & Co. intervened in the garnishment proceedings and claimed under and by virtue of their mortgage the said sum remaining in the hands of the garnishees. From a decision rendered adversely to such claim in the county court, an appeal was prosecuted to the district court, where a judgment was entered to the

effect that the garnishees should pay the surplus money arising from the sale of the property to G. W. Miller & Co. The judgment creditors bring the cause into this court, alleging that the finding of the district court is contrary to the law and the evidence.

It is not a mooted question in this state that where a mortgagee of chattels is in possession of mortgaged property, the interest of the mortgagor therein, after the debt due the mortgagee is paid, may be reached by the process of garnishment by a creditor of the mortgagor. That doctrine was first stated by this court by LAKE, C. J., in *Burnham v. Doolittle*, 14 Neb., 217, in this language: "But in view of our attachment law and the ruling of the supreme court of Ohio on a statute from which ours was copied, and upon more mature reflection, we are now satisfied that whatever interests a mortgagor of chattels may have in them, in this state may be reached by seizure under a writ of attachment at any time while in his possession, and by means of the process of garnishment if they have passed into the hands of the mortgagee." (See *Chicago Lumber Co. v. Fisher*, 18 Neb., 334; *Grand Island Banking Co. v. Costello*, 45 Neb., 119.) That proceedings in garnishment are binding from the time of the service of summons upon the garnishee, and the property of the debtor in his hands is thereby placed *in custodia legis*, there can be no doubt. (*Reed v. Fletcher*, 24 Neb., 435; *Northfield Knife Co. v. Shapleigh*, 24 Neb., 635; *Grand Island Banking Co. v. Costello*, 45 Neb., 119.) It follows that the judgment creditors of D. R. Cole acquired liens upon his interest or equity of redemption in the mortgaged chattels from the time of the service of the garnishment process. Upon the fact that the mortgage to G. W. Miller & Co. was given before the garnishment proceedings were instituted, the claim of said mortgagees to a prior lien is predicated. If section 14, chapter 32, Compiled Statutes, means what it says, this contention is wholly untenable. Said section has been before this court for consideration more than once, and it has been

decided that a chattel mortgage is void, as to the creditors of the mortgagor, when the mortgage or a copy thereof is not filed as required by law, and the mortgagee has not taken possession of the property described in the mortgage. (*Farmers & Merchants Bank v. Anthony,* 39 Neb., 343; *Spaulding v. Johnson,* 48 Neb., 830; *Forrester v. Kearney Nat. Bank,* 49 Neb., 655.) In the last case the court, in speaking of chattel mortgages, said: "Under the statute, it could be made a valid and subsisting lien as to the other creditors of the mortgagor in one of two ways,—by depositing the instrument, or a copy thereof, in the office of the county clerk of the proper county, or by the delivery of the mortgaged property to the mortgagee. It could be made valid at any time as to creditors who had not already acquired any rights or interests in the mortgaged property, by the proper filing of the mortgage. The statute does not limit the time in which it must be filed. A chattel mortgage becomes valid as to creditors as of the date of the filing of the same, or the taking of actual possession of the property by the mortgagee." G. W. Miller & Co., having neither taken possession of the chattels, nor filed their mortgage in the office of the county clerk prior to the service of the garnishment summons, said mortgage, under the foregoing decisions, is void as to these judgment creditors. The finding and judgment of the district court must be

REVERSED.