M. S. McININCH, APPELLANT, v. DAVID W. EVANS ET AL., APPELLEES.

FILED NOVEMBER 14, 1911.  No. 16,974.

1. **Sales:** BONA FIDE PURCHASERS. A verbal lien on personal property is void as to subsequent purchasers in good faith.

2. ———: ———: PRESUMPTIONS. There is no presumption that a stranger to an oral agreement creating a verbal lien has knowledge of its existence.

3. ———: ———: Burden of Proof. As a general rule the burden
of proving that a stranger to an oral agreement creating a ver-
bal lien on personalty has knowledge thereof is on lienor, where
that fact is material to his protection.

4. Replevin: Possession as Evidence of Ownership. While defend-
ant's possession of a chattel, when replevied, is presumptive evi-
dence of ownership, such possession loses its presumptive char-
acter when plaintiff adduces evidence showing that he bought
the chattel from the owner, that he paid for it, and that he is
entitled to possession.

5. ———: Defenses: Secret Liens: Burden of Proof. After plaintiff
in replevin has adduced proof showing that he bought the chattel
in controversy from the owner, that he paid for it, and that he
is entitled to possession under his purchase, the burden is on
defendant, where he attempts to defeat the case thus made and
to establish his own right of possession by proof of a verbal lien
to which plaintiff was a stranger, to show that plaintiff, before
completing his purchase, had notice of such lien.

6. Trial: Instructions: Burden of Proof. Where the law imposes on
defendant the burden of proving a material fact on which he
relies, the plaintiff is entitled to an instruction so advising the
jury.

Appeal from the district court for Nemaha county:
Leander M. Pemberton, Judge. *Reversed.*

*M. S. McIninch* and *William G. Rutledge,* for appellant.

*Kelligar & Ferneau* and *Fred G. Hawxby, contra.*

Rose, J.

M. S. McIninch, plaintiff, replevied from David W.
Evans, defendant, May 19, 1909, a red Oakland automo-
bile. The answer of defendant was a general denial.
Harry W. Moore appeared as intervener, answered plain-
tiff's petition by a general denial, and in addition pleaded
these facts: May 6, 1909, intervener negotiated with the
Lininger Implement Company of Omaha for the purchase
of two automobiles—the red Oakland replevied and a
white Oakland. Not having the funds to make advance
payments on the purchase price, defendant furnished the

Lininger Implement Company $1,500 for that purpose, and, to secure payment thereof, both cars, with intervener's consent, were delivered to defendant, who has since held them as security. No part of the sum thus secured has been repaid. Subject to defendant's interest, intervener is the owner of the red car. When suit was commenced, intervener was engaged in buying, selling and repairing automobiles in Auburn, where the cars described were kept in his garage for defendant under the latter's directions. The trial court was asked to determine that defendant was entitled to possession of the red car, that he had a lien thereon for $1,500 and interest, that intervener was the owner thereof and entitled to possession, subject to defendant's lien, that the red car was wrongfully seized by plaintiff under the writ, that it be returned to defendant, and that intervener recover from plaintiff damages in the sum of $1,500. The reply was a general denial.

The proof on behalf of defendant and intervener tended to support the allegations in the latter's answer. Plaintiff adduced proof tending to show: May 1, 1909, plaintiff agreed to buy and intervener to procure in Omaha, and sell at cost, an automobile like the one replevied. At the time, plaintiff paid $400 on the purchase price. A few days later he was in the garage of intervener at Auburn, looking at a new automobile, and the latter told him that was his car. Part of the equipment not yet having been furnished, plaintiff stated to intervener that he would leave the car there, awaiting the equipment. Plaintiff returned May 8, 1909, found his car covered with mud, and ordered intervener to clean it and leave it in the garage. It remained there a week. May 15, 1909, it was taken to another garage and kept in the possession of defendant until seized by plaintiff in this suit. When it was in the garage of intervener, the latter told plaintiff he was going to Omaha for the white car, and for the purpose of raising money to get it he asked plaintiff to pay the balance due on the purchase price of the red one, saying he would

bring the missing equipment back with him. Plaintiff told him he could send his own check to the Nemaha County Bank for about $1,200 and that plaintiff would take it up. May 12, 1909, the bank received and plaintiff paid intervener's check for $1,406. The same day intervener credited plaintiff's account at the bank $200, and the former owed him $40 for supplies. The net result of the transactions, according to plaintiff's evidence, is that he purchased from intervener the identical automobile replevied, that he paid therefor the sum of $1,566, the purchase price in full, and that the property was delivered to him.

The jury found that defendant was entitled to possession and fixed the value thereof at $400. As between plaintiff and intervener, the right of property and the right of possession were found to be in plaintiff. From a judgment on the verdict plaintiff has appealed.

Plaintiff requested, and the trial court refused, the following instruction: "The court instructs the jury that the burden is upon the defendant Evans to establish his lien upon the automobile in question, and that unless you believe from a preponderance of the evidence that said Evans had a lien upon said automobile, and that said McIninch had knowledge of such lien before said McIninch purchased the same, then in that event you will find for the plaintiff as against the claims of said defendant Evans."

This instruction was not only refused, but there was nothing in the entire charge to advise the jury that the burden of proof was on defendant to show plaintiff had notice or knowledge of the verbal lien. Did the trial court err in failing to give the requested instruction? Defendant's lien was not evidenced by any writing or public record of which plaintiff was required to take notice. It was a mere verbal or secret lien, binding only on the parties who created it and on those having actual notice or knowledge of its existence. It was void as to subsequent purchasers in good faith. *Ostertag v. Galbraith*, 23 Neb. 730. When defendant accepted security in the form of a secret agreement, he allowed the automobiles to be kept

by his debtor for sale. It should not be presumed that strangers to the oral agreement had knowledge of its terms, when negotiating for the purchase of the automobiles. As a general rule, the burden of proving that a stranger had knowledge of such an agreement rests on the lienor, who is acquainted with its provisions, if that fact is material to his protection. *Rogers v. Pierce,* 12 Neb. 48. Plaintiff's proofs showed that he bought the red car from intervener, that it was delivered to him, that he paid the purchase price, and that he was entitled to possession. The testimony showing the purchase and payment by plaintiff was not successfully refuted. The burden was on him to show his right of possession at the commencement of the suit. His proof was sufficient for that purpose, but in making a *prima facie* case he was not in addition required to go further and assume the burden of proving that defendant had no verbal lien entitling him to possession, or, if he did have such security, that plaintiff had no knowledge or notice of its existence. The law, of course, is that at the commencement of the trial defendant's possession was presumptive evidence of ownership, but it lost its presumptive character when plaintiff proved by direct testimony that he bought the red car, owned it, and was entitled to possession. *First Nat. Bank v. Adams,* 82 Neb. 801.

To defeat plaintiff's case, as made by the evidence already outlined, defendant offered proof of a verbal lien, which was void as to subsequent purchasers in good faith. As to plaintiff, this lien was no justification whatever for defendant's possession, the right to which had already been disproved, without evidence of notice to plaintiff. Having relied on his verbal lien to defeat the right of plaintiff to possession, as shown by his evidence, the burden was on defendant to prove that plaintiff had actual notice or knowledge of the oral agreement before completing his purchase. Since plaintiff was right on his theory of the law, he was entitled to an instruction that the burden of proving such notice rested on defendant. *Omaha Bottling Co. v. Theiler,* 59 Neb. 257.

If the instruction requested, when standing alone, is open to criticism as assuming the fact that plaintiff bought the red car, that feature would not have prejudiced defendant, because other parts of the charge made it clear that plaintiff could not recover, unless the jury found from the evidence that plaintiff was the absolute owner.

Under the peculiar circumstances disclosed by the evidence and the nature of the controversy, it is clear, on the whole record, that plaintiff's case was prejudiced by the failure to give an instruction advising the jury where the burden of proving notice belonged. The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.

FAWCETT, J., not sitting.

LETTON, J., concurs in the conclusion.