ROTHCHILD & COMPANY, APPELLANT, V. A. M. VAN ALSTINE ET AL., APPELLEES.

FILED DECEMBER 14, 1911.    No. 17,078.

1. Chattel Mortgages: VALIDITY: BONA FIDE PURCHASERS. "When the possession of property described in a chattel mortgage remains with the mortgagor, and the mortgage, or a copy thereof, is not filed as required by section 14, ch. 32, Comp. St. 1893, the mortgage is absolutely void as to creditors of the mortgagor, no matter whether they have actual notice of the mortgage or not." *Farmers & Merchants Bank v. Anthony*, 39 Neb. 343.

2. ———: ATTACHMENT: PRIORITIES. A purchaser at a sale under attachment proceedings of chattels covered by an unfiled mortgage, without notice of the existence of such mortgage, takes the property discharged of the mortgage lien.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Wilbur F. Bryant, C. H. Leech* and *Burr, Greene & Greene,* for appellant.

*H. E. Burkett, contra.*

Letton, J.

In January, 1909, Rothchild & Company, a corporation doing business in Chicago, sold to defendants Van Alstine, who were residents of Hartington, Nebraska, a Meister piano, the purchase price of which was payable in monthly instalments according to the provisions of a note and chattel mortgage then executed by the purchasers. The mortgagors retained possession of the piano. Afterwards it was seized in attachment proceedings against the Van Alstines, and, with other personal property levied upon, was on March 26, 1910, sold at public auction under the order of sale to defendant Cornelius M. Olsen for the sum of $140. The evidence shows it was worth about $200 at the time. The mortgage was not filed until after the sale. Shortly afterwards this action in replevin was begun by the mortgagee to recover possession of the piano from Olsen. The case was tried to the court without the intervention of a jury. The court found for the defendant Olsen and rendered judgment accordingly.

Plaintiff contends that the finding is contrary to the law and evidence, and that the court erred in refusing to permit proof that the Van Alstines were not nonresidents of the state at the time the attachment proceedings were begun. Plaintiff's theory of the case seems to be that because it had employed Mr. H. E. Burkett to collect instalments due from the Van Alstines on the piano, which employment ceased in October, 1909, the attachment proceedings, which were begun by him in March, 1910, were brought with notice to the attaching creditors of the existence of the mortgage; that actual notice was afterwards given to him by Mrs. Van Alstine, and that, consequently, Olsen was not a purchaser in good faith without notice. There is no force in this contention. Under section 14, ch. 32, Comp. St. 1911, the piano being in the possession of the mortgagor and the mortgage being unrecorded, it was "absolutely void as against the

creditors of the mortgagor, and as against subsequent purchasers and mortgagees, in good faith." Olsen purchased the piano before the mortgage was recorded. He testifies positively that he never talked with Burkett, or with Hoese & Mengshol, the creditors, about it; that he did not know where the Van Alstines procured it or that they owed anything on it, and that he had no knowledge or information that the plaintiff had a chattel mortgage or any other kind of a lien on the piano. Having purchased the piano before the mortgage was recorded, and without notice of the existence of that instrument, he is a *bona fide* purchaser, and the mortgage was absolutely void as to him. The plaintiff's evidence was insufficient to show notice, and the burden of proof of this fact was upon it. *Rogers v. Pierce*, 12 Neb. 48. The case is ruled by *Farmers & Merchants Bank v. Anthony*, 39 Neb. 343; *Spaulding v. Johnson*, 48 Neb. 830; *Meyer & Raapke v. Miller*, 51 Neb. 620; *Vila v. Grand Island E. L., I. & C. S. Co.*, 68 Neb. 222; *Johns v. Kamarad*, 2 Neb. (Unof.) 157.

As to the second point, the court did not err in excluding this proof. The offer was made on the plaintiff's main case. The answer was a general denial. This testimony could only become admissible in case the defendant sought to justify under the attachment proceedings, and until such a defense was made the proof was irrelevant and immaterial. The offer was not renewed in rebuttal to meet this issue.

We find no error in the judgment, and it is therefore

AFFIRMED.