LOUISA L. NETHAWAY, APPELLANT, V. MICHAEL CLARK, SHERIFF, APPELLEE.

FILED MARCH 6, 1925. No. 23023.

Chattel Mortgages: BILL OF SALE AS SECURITY: VALIDITY. Under the provisions of section 2550, Comp. St. 1922, a bill of sale, intended to operate as a mortgage of goods and chattels, which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the goods and chattels therein described, shall be absolutely void as against the creditor of the mortgagor, unless the bill of sale, or true copy thereof, shall be filed in the office of the county clerk of the county where the mortgagor resides.

APPEAL from the district court for Douglas county: CHARLES A. GOSS, JUDGE. Affirmed on condition.

Harry B. Fleharty, for appellant.

A. L. Sutton, James B. Kelkenny and Max Fromkin, contra.

Heard before MORRISSEY, C. J., ROSE, GOOD and EVANS, JJ., REDICK and SHEPHERD, District Judges.

PER CURIAM.

Stella Nethaway recovered a judgment for alimony, in the sum of $2,000, against her husband, Claude L. Nethaway. Execution issued thereon to the sheriff, who levied on an automobile in the possession of the defendant in that action, as his property. Louisa L. Nethaway, mother of said defendant, brought this action in replevin against the sheriff, claiming to be the owner of and entitled to the possession of the automobile. The trial resulted in a verdict for defendant, and finding that he was entitled to possession of the automobile by virtue of an execution, fixing its value at $860, and asesssing damages in favor of defendant in the sum of $920. Judgment was entered upon the verdict for defendant, for the return of the automobile, and an alternative judgment for $920 in the event the automobile was not returned to the defendant. Plaintiff appeals.

The evidence discloses that Claude L. Nethaway purchased the automobile in question and paid therefor with his own funds, and has ever since retained possession and control thereof. Prior to the seizure of the automobile, under execution, he had given to his mother, the plaintiff, a bill of sale, which was never filed for record. This bill of sale shows on its face that it was intended to operate as security for an antecedent debt due from Nethaway to his mother. This instrument may be sufficient to create a lien, valid as between the parties thereto, but, under section 2550, Comp. St. 1922, is void as to execution creditors.

Complaint is made of the giving of an instruction which is conceded to be a correct statement of the law, but which, it is claimed, is not applicable to the issues. After an examination of the record, we are satisfied that the instruction was not only a correct statement of the law, but was properly applicable to the issues and was, therefore, properly given.

It is urged that the court should not have submitted to the jury the question of the value of the automobile, because the evidence was insufficient. The evidence as to value was very meager, but it was not controverted and is sufficient to support the verdict in that respect.

Complaint is also made because there is no evidence to support an alternative judgment for any amount in excess of the value of the automobile. This assignment appears to be sustained. There is nothing in the evidence to sustain an alternative judgment for any amount greater than the value of the automobile.

The judgment will be affirmed on condition that defendant shall, within 30 days, enter a remittitur from the alternative judgment of all in excess of $860, and, upon his failure to enter such remittitur, will be reversed and the cause remanded.

AFFIRMED ON CONDITION.