HELEN M. OLESON, APPELLANT. v. MARIE ALICE PUMPHREY ET AL., APPELLEES.

FILED DECEMBER 22, 1933. No. 28694.

*A. R. Oleson,* for appellant.

*Zacek & Nicholson, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and CHAPPELL and LANDIS, District Judges.

CHAPPELL, District Judge.

Plaintiff, appellant herein, sought by this action to have certain money, due from the defendant Harry Pumphrey to defendant Albert Meyer, subjected to an equitable lien claimed by her. The suit resolved itself into a controversy between the plaintiff and the interveners, Carl Voght and Adolph Zicht, appellees herein, the question being whether plaintiff, by virtue of a lease with defendant Albert Meyer, had a lien on the proceeds of certain corn prior to the attachment lien of the interveners.

By its decree the trial court directed defendant Harry Pumphrey to pay the fund, held by him, into court, and found that the attachment lien of the interveners was prior to any lien of the plaintiff, and, after satisfaction of the interveners' lien, ordered any balance of the fund paid to the plaintiff. Plaintiff appeals, contending that under the evidence she was entitled to a decree directing Harry Pumphrey to pay to this appellant all the fund in controversy.

The undisputed evidence discloses that plaintiff was the owner of certain land in Cuming county, Nebraska, which she leased to defendant Albert Meyer on October 15, 1930, for a term commencing March 1, 1931, and ending March 1, 1932, which lease contained an agreement by the tenant to give, upon demand, a chattel mortgage upon the crops to secure the cash rental. The lease was never filed or recorded, and tenant was in possession of the land for the full term. On December 30, 1931, the tenant held a public auction at which some of the corn grown on the premises was sold to Harry Pumphrey. Before the corn was removed, it stayed on the farm for about a month, and Harry Pumphrey and the other defendants were notified by plaintiff that she claimed a lien, and they were told to not remove the corn from the place without arranging to pay her, but they did not agree to do this, and

Harry Pumphrey removed it. Others also claimed the fund and he did not make settlement. On March 5, 1932, in an action brought by interveners Carl Voght and Adolph Zicht against the tenant, the funds in the hands of Pumphrey were attached by garnishment proceedings. On that date at a conference between Harry Pumphrey, Albert Meyer, and his sister, L. A. Meyer, who had made a claim that she had a bill of sale for all the corn and was entitled to the proceeds thereof, it was agreed that they would all release to plaintiff any right or claim they might have to the corn or the proceeds, and the plaintiff was paid $884.40, but the sum of $100 was retained by Harry Pumphrey pending the outcome of the garnishment proceedings. This fund remaining in his hands is the amount in controversy.

The plaintiff contends that under the evidence she was a mortgagee in possession and was entitled to this fund under the lien created by her lease. The evidence shows that the tenant was in possession of the leased premises at all times until March 1, 1932, and that the corn purchased by defendant Pumphrey at the public auction on December 30, 1931, was removed from these same premises by him about a month later. It does not show that plaintiff, as mortgagee, was ever in possession of the corn.

Section 36-301, Comp. St. 1929, provides: "Every mortgage or conveyance intended to operate as a mortgage of goods and chattels hereafter made, which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditor of the mortgagor * * * unless the mortgage, or a true copy thereof, shall be filed in the office of the county clerk of the county where the mortgagor executing the same resides * * *; provided, that the filing of a lease containing an agreement for the execution of a chattel mortgage, or, therein constituting a chattel mortgage, on unplanted crops shall constitute notice of such an obligation and lien and protect the lessor against

chattel mortgages given to other creditors by the lessee." This court has said, in construing this section of the statute: "Creditor in this connection means judgment, execution, or attachment creditor." *Reiss v. Argubright,* 3 Neb. (Unof.) 756. See, also, *Earle v. Burch,* 21 Neb. 702; *Farmers & Merchants Bank of York v. Anthony,* 39 Neb. 343.

In many well-reasoned cases this court has said that where the possession of mortgaged chattels remains in the mortgagor and the mortgage or a copy thereof is not filed, as required by this section, the mortgage is invalid as to execution creditors of the mortgagor whether they have actual notice of the mortgage or not. The statute concerning chattel mortgages makes an important distinction between creditors and subsequent purchasers or mortgagees. Purchasers or mortgagees, to avail themselves of a default on the part of a prior mortgagee, must take without notice of his rights, but a creditor is not affected by such notice. *Farmers & Merchants Bank of York v. Anthony, supra; Spaulding v. Johnson,* 48 Neb. 830; *Forrester v. Kearney Nat. Bank,* 49 Neb. 655; *Meyer v. Miller,* 51 Neb. 620; *Vila v. Grand Island Electric Light, Ice & Cold Storage Co.,* 68 Neb. 222; *Rothchild & Co. v. Van Alstine,* 90 Neb. 441; *Nethaway v. Clark,* 113 Neb. 206; *Wilcox & Co. v. Deines,* 119 Neb. 692; *Johnson v. Spaulding,* 1 Neb. (Unof.) 699; *Johns v. Kamarad,* 2 Neb. (Unof.) 157; *Reiss v. Argubright, supra.*

Logically, it follows that an attachment lien upon the proceeds of the sale of crops from leased premises, procured by an attaching creditor in an action against the lessee, is prior to any right or lien of the lessor arising under and by virtue of a provision of a lease which requires the lessee to give, upon demand, a chattel mortgage upon the crops to secure the rental, the lease being neither filed nor recorded and the lessor not having had possession of the crops, whether such creditor had actual notice of the agreement to give a mortgage or not.

Plaintiff contends that the tenant, Albert Meyer, having

transferred the corn to his sister, L. A. Meyer, by a bill of sale, it not being pleaded nor proved that this was in fraud of creditors, the interveners acquired no rights when they attached the funds in the hands of Pumphrey. The sister was a party to this suit, but defaulted, and is not claiming any rights to the corn or the proceeds of the sale in the hands of Pumphrey, and the plaintiff cannot assert such a claim for her. Plaintiff, by praying that she be awarded a lien upon the corn or its proceeds, placed herself in opposition to the sister, and she cannot claim anything because of a supposed right in a third person who, by defaulting, admits that she had no rights. An examination of the pleadings and a study of the evidence, which is all undisputed or agreed upon by the parties, show conclusively that this was not an issue in the trial of this case. Having been neither pleaded nor proved, no such issue of law or fact was presented for decision.

It follows that the district court, in its determination of the case, was right, and the judgment is

AFFIRMED.